IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO.: 3:21-cv-00221 |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT** |
| MODERN POLYMERS, INC., | )<br>) **JURY TRIAL DEMAND** |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Christin Smith ("Ms. Smith"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Defendant Modern Polymers, Inc. ("Defendant") engaged in sex discrimination when it subjected Ms. Smith to sexual harassment; created and maintained a hostile work environment because of her sex, female; and constructively discharged her in violation of Title VII.

## JURISDICTION AND VENUE

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, a North Carolina corporation, operates a single polymer molding facility located in Cherryville, North Carolina.

5. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and in the City of Cherryville, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Smith filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Ms. Smith's charge and participated in all aspects of the Commission's administrative investigation.

8. On July 30, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated Title VII, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

10. Defendant participated in the Commission's conciliation efforts.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On December 12, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. On March 25, 2021, the Commission engaged in further communication with Defendant regarding the Commission's conciliation efforts, but remained unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. As described in greater detail below, from at least in or around June 2018 through or around April 1, 2019, Defendant engaged in unlawful employment practices at its Cherryville, North Carolina facility in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-(2)(a). Specifically, Defendant subjected Ms. Smith to severe or pervasive sexual comments and conduct that created a hostile work environment based on her sex, female, created and maintained a hostile work environment on the basis of her sex, female, and resulted in the constructive discharge of her employment. The comments and conduct were unwelcomed to Ms. Smith and were committed by a Production Supervisor (hereafter, "the Production Supervisor") employed by Defendant, as described more fully below.

16. Ms. Smith began working for Defendant through a temporary employment agency as a Quality Technician at Defendant's Cherryville, North Carolina facility in or around March 2018. On or about June 6, 2018, Defendant hired Charging Party as a full-time Quality Technician.

17. At the time Ms. Smith first began working for Defendant, two Quality Control Supervisors warned Ms. Smith about the behavior of the Production Supervisor toward female employees.

18. Beginning in or around mid-June 2018 and continuing throughout Ms. Smith's employment with Defendant, the Production Supervisor subjected Ms. Smith to sexually harassing comments, gestures and touching that included, but were not limited to:

    (a) Leaving candy, flowers and gifts, including yoga pants, hoodies, underwear and sex toys, for Ms. Smith.

(b) Asking Ms. Smith what type of underwear she was wearing or stating he saw her underwear as she bent down.

(c) Taking pictures of Ms. Smith bending down without her permission and then showing the pictures to her.

(d) Telling Ms. Smith that he would like to use his sex toys on her and telling her about his BDSM lifestyle.

(e) Bringing a sex toy into the office and telling Ms. Smith to take it to the bathroom and use it on herself to stimulate her breasts.

(f) Telling Ms. Smith that she looked good in tight clothes, that her butt looked good and that he would love to see her breasts.

(g) Intentionally trying to create physical contact with Ms. Smith and intentionally brushing or touching her back and waist.

(h) Smacking Ms. Smith on the buttocks.

(i) Touching Ms. Smith's inner thighs.

19. Since at least June 2018 and continuing until on or around April 1, 2019, Ms. Smith was subjected to incidents of harassment, such as those described in Paragraph 18 above, on a near daily basis.

20. Defendant was aware of the Production Supervisor's conduct as Ms. Smith complained about the Production Supervisor's behavior repeatedly to Defendant throughout her employment.

21. Despite Ms. Smith's complaints, the Production Supervisor's behavior continued.

22. Defendant knew or should have known about the Production Supervisor's comments and/or conduct because Ms. Smith reported the offensive and unwelcome sexual comments and conduct.

23. Defendant failed to take prompt and effective action to stop the sexual harassment of Ms. Smith by the Production Supervisor.

24. When Ms. Smith complained about the sexual comments and conduct, a Quality Control Supervisor told Ms. Smith, among other things, that the Production Supervisor had treated others in a similar fashion and that Ms. Smith should tell the Production Supervisor to stop.

25. On April 1, 2019, Ms. Smith resigned from her employment.

26. Defendant subjected Ms. Smith to sexual harassment that created a sexually hostile work environment, and Ms. Smith was forced to resign from her employment as a result of the sexual harassment.

27. The effect of the practices complained of above has been to deprive Ms. Smith of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

28. The unlawful employment practices complained of above were willful and intentional.

29. The unlawful employment practices complained of above were committed with malice or, at a minimum, with reckless indifference to the federally protected rights of Ms. Smith.

## **PRAYER FOR RELIEF**

6

Case 3:21-cv-00221-RJC-DCK   Document 1   Filed 05/12/21   Page 6 of 9

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for persons who engage in protected opposition under Title VII, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make Ms. Smith whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

E. Order Defendant to make Ms. Smith whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

F. Order Defendant to make Ms. Smith whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss

of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

    G.    Order Defendant to pay Ms. Smith punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 12th day of May 2021.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

MELINDA DUGAS
Regional Attorney

KARA GIBBON HADEN (NC Bar No. 26192)
Supervisory Trial Attorney

/s/ ***Katherine J. Christy***
KATHERINE J. CHRISTY
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

**ATTORNEYS FOR PLAINTIFF**