# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-221-RJC-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )    **ORDER** |
| and | )<br>)<br>) |
| CHRISTIN SMITH, | )<br>) |
| Plaintiff-Intervenor, | )<br>) |
| v. | )<br>)<br>) |
| MODERN POLYMERS, INC., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Christin Smith's "Motion To Intervene" (Document No. 7) filed June 17, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting that the parties do not object, the undersigned will grant the motion.

By the instant motion, Christin Smith ("Smith" or "Plaintiff-Intervenor") asserts that she is "the individual injured by the conduct of the Defendant Modern Polymers, Inc." (Document No. 7, p. 1) (citing Document No. 10). Plaintiff-Intervenor Smith further asserts that as a person "aggrieved by the conduct of a defendant in an action initiated by the EEOC" she has an "unconditional right" to intervene in this action. (Document No. 7, p. 2) (citing Title VII, 42 U.S.C. § 2000e-5(f)(1)). "Pursuant to Fed.R.Civ.P. 24(a)(1), intervention must be granted if the proposed intervenor is given an unconditional right to intervene by federal statute. Id. Moreover,

Plaintiff-Intervenor's counsel has consulted with counsel for Plaintiff and Defendant, and as noted above, they have no objection to the instant motion.

**IT IS, THEREFORE, ORDERED** that Christin Smith's "Motion To Intervene" (Document No. 7) is **GRANTED**.

**SO ORDERED**.

Signed: June 18, 2021

David C. Keesler
United States Magistrate Judge