# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-221-RJC-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and CHRISTIN SMITH, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) **ORDER** ) |
| MODERN POLYMERS, INC., | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Consent Protective Order" (Document No. 24) filed September 21, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

The parties move the Court for entry of this Joint Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes, and protect certain materials designated as confidential ("confidential materials").

**IT IS THEREFORE ORDERED THAT**:

1. General Scope of the Agreement. This Joint Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff, Plaintiff-Intervenor, and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not

limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information are intended to be designated as "Confidential" pursuant to this Order: (a) medical records or other health-related information; (b) personal information about Defendants' employees, including but not limited to: social security numbers, tax information, personnel records, and health insurance information; and (c) confidential or proprietary business and personal information, including but not limited to, income tax returns, balance sheets, profit and loss statements.

2. <u>Designation as Confidential.</u> Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials that fall within the categories as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential.</u> Parties may designate confidential materials in the following manner:

    (a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

    (b) In the case of documents produced in native format, by including the word

"Confidential," by stamp or other method which will make the word conspicuous, on a slip-sheet within the production identifying that the document is produced in native format and by including the word "Confidential" within the filename of the native file produced;

(c) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

(d) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed, without prejudice to their right to so designate other testimony after reviewing the transcript. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential. Any party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, or such other time as agreed to by the parties, designate portions of the transcript, or exhibits thereto, as confidential

4. Restricted Use of Information.

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation;

(v) the Charging Party for whom the Commission seeks relief in this case, or

(vi) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew about the information;

(vii) mediators engaged by the parties and the mediators' staff;

(viii) any person from whom testimony is taken or is to be taken, expect that such a person may only be shown confidential information during or in for his/her testimony, and may not retain the confidential information;

(ix) by mutual consent.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel,

4

consultant, staff person or court personnel. Specifically, use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5. <u>Acknowledgment of Agreement</u>. All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. <u>Inadvertent Disclosure.</u> In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

7. <u>Use of Confidential Materials in this Case.</u> Nothing in this Agreement shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To

the extent any confidential material is filed with the court, counsel filing the confidential material shall file it under seal in accordance in accordance with Local Rules.

8. <u>Challenging Confidentiality.</u>  Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material.  Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things.  Counsel shall first attempt to resolve any disputes of confidentiality between themselves.  If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections.  No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

9. <u>Right to Object.</u>  Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds.  Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown.  All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

10. <u>Disclosure.</u>

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

6

Case 3:21-cv-00221-RJC-DCK   Document 25   Filed 09/22/21   Page 6 of 10

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

11. <u>Return, Destruction and Retention by Counsel of Confidential Information.</u> All confidential material shall be returned to the producing party or destroyed within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal, or may be destroyed in accordance with each party's document retention procedures and in the normal course of business. Counsel of record for the parties may retain copies of any part of the Confidential material produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference Confidential material or Protected Documents that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

The ultimate disposition of protected material will be subjected to a final order of the court on completion of this litigation.

12. <u>Modification of the Agreement.</u> If any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

13. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Agreement as the

confidential material from which such copies, extracts or summaries were prepared, if properly designated.

14. <u>Notices.</u> Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

15. <u>Effective Date.</u> This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED**.

Signed: September 22, 2021

David C. Keesler
United States Magistrate Judge

AGREED TO:

/s/ Zoë G. Mahood
ZOË G. MAHOOD
NC Bar No. 21722
Senior Trial Attorney
Equal Employment Opportunity Commission
Raleigh Area Office
434 Fayetteville St., Suite 700
Raleigh, NC 27601
Telephone: (919) 856-4080
Facsimile: (919) 856-4151
Email: Zoe.Mahood@eeoc.gov

KATHERINE J. CHRISTY
IL Bar No. 6282803
Senior Trial Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (980) 296-1291
Facsimile: (704) 954-6412
Email: Katherine.Christy@eeoc.gov

NICHOLAS WOLFMEYER
FL Bar No. 127218
Trial Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (980) 296-1250
Facsimile: (704) 954-6412
Email: Nicholas.Wolfmeyer@eeoc.gov

**COUNSEL FOR PLAINTIFF**

/s/ Christopher B. Major
CHRISTOPHER B. MAJOR
NC Bar No. 31663
Haynsworth Sinkler Boyd, P.A.
ONE North Main St, 2nd Floor (29601)
Post Office Box 2048
Greenville, S.C. 29602
Telephone: (864) 240-3200
Facsimile: (864) 240-3300
Email: cmajor@hsblawfirm.com

/s/ Pierce T. MacLennan
PIERCE T. MACLENNAN
SC Bar No. 101797 (Admitted *Pro Hac Vice*)
Haynsworth Sinkler Boyd, P.A.
135 S. Dargan Street, Suite 300
Florence, S.C. 29501
Telephone: (843) 720-4429
Facsimile:(843) 669-3815
Email: pmaclennan@hsblawfirm.com

CHRISTINE GANTT-SORENSON
Haynsworth Sinkler Boyd, P.A.
ONE North Main St, 2nd Floor (29601)
Post Office Box 2048
Greenville, S.C. 29602
Telephone: (864) 240-3200
Facsimile: (864) 240-3300
Email: csorenson@hsblawfirm.com

**COUNSEL FOR DEFENDANT**

/s/ Daniel C. Lyon
Daniel C. Lyon
NC Bar No. 43828
Elliott Morgan Parsonage, PLLC
300 Kingston Ave., Suite 200
Charlotte, NC 28203
Telephone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com

**COUNSEL FOR PLAINTIFF-INTERVENOR**